IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC ALEJANDRO MAYSONET,**

    **Petitioner,**

**v.** // CIVIL ACTION NO. 1:12CV30
    **(Judge Keeley)**

**TERRY O'BRIEN, Warden**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING RESPONDENT'S MOTION TO DISMISS, AND TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning Eric Alejandro Maysonet's ("Maysonet" or "Petitioner") 28 U.S.C. § 2241 petition and Terry O'Brien's ("O'Brien" or "Respondent") Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons set forth below, the Court **DENIES** the respondent's motion to dismiss (dkt no. 24) and **TRANSFERS** this case to the U.S. District Court for the Middle District of Florida.

On February 23, 2012, inmate[1] Maysonet, the pro se petitioner, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. no. 1). His primary argument is that he is "actually innocent" of the Armed Career Criminal Act ("ACCA") designation he received at his sentencing. The Court referred this matter to

---

[1] Maysonet was housed at USP Hazelton, Preston County, West Virginia when he filed the instant petition. The Bureau of Prisons has since transferred Maysonet to USP Lewisburg.

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING RESPONDENT'S
MOTION TO DISMISS, AND TRANSFERRING CASE TO
THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

United States Magistrate Judge John S. Kaull for initial screening and a R&R in accordance with LR PL P 2.

On August 30, 2012, O'Brien filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, (dkt. no. 24). The magistrate judge issued a Roseboro notice to Maysonet on September 6, 2012, (dkt. no. 29), who filed a response in opposition to Respondent's motion on September 27, 2012.

Magistrate Judge Kaull issued a R&R on June 12, 2013, in which he recommended that O'Brien's motion to dismiss be denied and Petitioner's § 2241 petition be construed as a coram nobis petition under the All Writs Act and transferred to the Middle District of Florida, Maysonet's sentencing court. To date, neither party has objected to the magistrate judge's recommended disposition of Maysonet's petition.

Finding no clear error, the Court **ADOPTS** the Report and Recommendation (dkt. no. 40) in its entirety, **DENIES** the Motion to Dismiss or, in the Alternative, for Summary Judgment (dkt. no. 24), and **TRANSFERS** Maysonet's petition to the United States District Court for the Middle District of Florida.[2]

---

[2]  As reflected in Judge Kaull's Report & Recommendation (dkt. no. 40), the Eleventh Circuit has recognized that "the question of whether the savings clause [of 18 U.S.C. § 2255] would permit a prisoner to open the § 2241 portal if he claimed a 'pure Begay error'" remains unanswered

**MAYSONET v. O'BRIEN                                           1:12CV30**

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING RESPONDENT'S
MOTION TO DISMISS, AND TRANSFERRING CASE TO
THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

It is so **ORDERED.**

The Court directs the Clerk of Court to transmit copies of this Order to counsel of record and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: September 17, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

within the circuit (discussing Begay v. United States, 553 U.S. 137 (2008)). Notably, the Fourth Circuit recently has addressed a parallel issue, Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), where the court made retroactive the rule announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), namely, that a prior conviction under state law is a felony only if the actual conviction allowed for such a sentence. In light of Eleventh Circuit cases holding that carrying a concealed firearm is neither a "violent felony" under the ACCA, United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009), nor a "crime of violence" for purposes of the USSG, United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), it is possible that the transferee court could employ an approach similar to that of the Fourth Circuit and apply retroactivity to the so-called "Begay error" here, thus allowing Petitioner a § 2241 remedy.